UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00597-GNS

LUZ VARGAS ENRIQUEZ PETITIONER

v.

JASON WOOSLEY, Jailer of the Grayson County Jail;
SAMUEL OLSON, Director of Chicago Field Office,
U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security; and
TODD BLANCHE, Attorney General of the
United States RESPONDENTS

**ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1), and Petitioner's Motion to Expedite (DN 10).

In 1995, Petitioner Luz Vargas Enriquez ("Enriquez"), a native and citizen of Mexico, entered the United States and became a lawful permanent resident on October 14, 1998. (Pet. ¶ 14, DN 1). In 2001 and 2004, she was convicted of the crimes of retail theft in DuPage County Circuit Court (Illinois). (Pet. ¶¶ 15-16). On August 1, 2026, Enriquez was detained at Chicago Midway International Airport after she returned from a trip to Mexico. (Pet. ¶ 17). She alleges that border officials flagged her criminal history, and she was arrested and detained by Immigration and Customs Enforcement ("ICE") pursuant to a Warrant for Arrest of Alien. (Pet. ¶ 18; Resp'ts' Resp. Show Cause Order Ex. 1, at 1, DN 8-1).

On August 14, 2026, Enriquez filed a request for a custody redetermination. (Pet. ¶ 19). The immigration judge found that she was an arriving alien relating to her criminal convictions

involving moral turpitude and denied the request for bond due to lack of jurisdiction because of her "arriving alien" status. (Pet. ¶ 19).

On September 2, 2026, Enriquez filed the Petition for Writ of Habeas Corpus against Respondents: Jason Woosley, Grayson County Jailer; Samuel Olson, the Director of the Chicago Field Office of ICE; Markwayne Mullin, Secretary of the Department of Homeland Security; and Todd Blanche, Attorney General of the United States. (Pet. ¶¶ 10-13). In the Petition, she challenges her continued detention and alleges violations of the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act. (Pet. ¶¶ 26-38).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Enriquez bears the burden of proving by a preponderance of the evidence that her detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

The parties dispute whether is detained pursuant to 8 U.S.C. § 1226(a) or (c). (Resp'ts' Resp. Show Cause Order 2-8, DN 8; Pet'r's Reply Pet. 1-4, DN 9). When a noncitizen is detained under Section 1226(c), a noncitizen may challenge whether she committed a crime subjecting her to mandatory detention through a so-called *Joseph* hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 n.1 (2018) ("Anyone who believes that he is not covered by § 1226(c) may also ask for what is known as a '*Joseph* hearing.' *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). At a *Joseph* hearing, that person "may avoid mandatory detention by

demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." (alteration in original) (quoting *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003))); *see also Hanif v. Lewis*, No. 4:26-CV-276-RGJ, 2026 WL 1998502, at *2 (W.D. Ky. July 9, 2026) (discussing significance of a hearing under *Matter of Joseph*). "Under *Joseph*, such detainees are entitled to a hearing before an Immigration Judge (IJ) to determine 'whether the [Government] has properly included [them] within a category that is subject to mandatory detention' under § 1226(c)." *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 328 (3d Cir. 2021) (alterations in original) (quoting *Matter of Joseph*, 22 I&N Dec. at 805) (citing 8 C.F.R. § 1003.19(h)(2)(i)(D), (h)(2)(ii)). "If a detainee is found not to be 'properly included' within § 1226(c), she may then seek release on bond under 8 U.S.C. § 1226(a)." *Id.* (citing *Matter of Joseph*, 22 I&N Dec. at 806).

From the record, it is unclear whether Enriquez requested and received a *Joseph* hearing. While she contends that her criminal convictions do not mandate detention under Section 1226(c), that argument must be raised during a *Joseph* hearing, which she must request. *See Hanif*, 2026 WL 1998502, at *2 (citing *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 838 F.3d 297, 302 (3d Cir. 2016); *Singh v. Warden Cal. City Det. Facility*, No. 1:25-CV-01862-DJC-EFB, 2026 WL 457119, at *5 (E.D. Cal. Feb. 18, 2026)).

This Court's role is to determine whether Enriquez has been unlawfully detained. *See* 28 U.S.C. § 2241(c)(3). Because she has not met her burden of showing that she has been unlawfully detained, the Petition is denied.

Accordingly, **IT IS HEREBY ORDERED** as that the Petition for Writ of Habeas Corpus (DN 1) and Petitioner's Motion to Expedite (DN 10) is **DENIED**. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
September 21, 2026

cc: counsel of record